# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1663 | **DATE** | September 20, 2011 |
| **CASE TITLE** | Robert Buchanan, Jr. (B-07923) vs. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Duncan's motion to dismiss [44] is denied. He is directed to answer the complaint or otherwise plead within 30 days of the date of this order. The Court grants Plaintiff's motion to respond [52], and construes his motion as his response to the motion to dismiss. A status hearing is set for 10/6/2011 at 9:45 a.m. Counsel for Defendants shall make arrangements for Plaintiff to participate by phone.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Robert Buchanan, Jr., Stateville Correctional Center inmate B-07923, initiated this *pro se* 42 U.S.C. § 1983 civil rights suit against twelve Stateville officers, concerning the treatment that he received when he was suspected of having swallowed a balloon of drugs. Following its initial review, the Court allowed Plaintiff to proceed against three Stateville Correctional Officers (Christoph Harrington, D. Schwarz, and Jacob Duncan), and dismissed the other nine Defendants. Currently before the Court is Duncan's motion to dismiss. For the following reasons, the Court denies the motion.

When considering a motion to dismiss, this Court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case or determine the plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).

Under the notice pleading requirement of Fed. R. Civ. P. 8(a)(2), a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the allegations of a complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007) (citing *Bell Atlantic Corp.*, 544 U.S. at 555). A court need not presume facts not alleged. Furthermore, if a plaintiff pleads facts that demonstrate that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

In this case, Plaintiff alleges that Officers Harrington and Schwartz were conducting a routine search of Plaintiff following his visit with family members and a friend. (Complaint at 9.) During the search, Officer Harrington thought he saw Plaintiff place something in his mouth. (*Id.* at 9-10.) Believing that Plaintiff was attempting to swallow a balloon containing drugs, Harrington placed a choke hold on Plaintiff, while Schwartz

grabbed Plaintiff's arm. (*Id.* at 10.) The officers continued to choke and hold Plaintiff, wrestled him to the ground, and dragged him to a cell in the infirmary. (*Id.* at 10-11.) Officer Duncan, the correctional officer for the infirmary, guarded Plaintiff while he was in the cell. (*Id.*) When Plaintiff asked Duncan for something to drink, Duncan showed him a handwritten sign posted on his cell stating that officers were directed not to give him anything "per warden's orders." (*Id.*) Plaintiff was denied drinking water for four days. (*Id.*) He alleges that, on the second day, he began drinking standing water in the toilet. (*Id.* at 11-12.) Plaintiff had to notify officers after each bowel movement, which was searched. (*Id.* at 12.) After four days of officers finding nothing, Plaintiff was taken for x-rays, which were also negative. (*Id.*) He was released from the cell, charged with and found guilty of assaulting an officer, and sentenced to six months of segregation. (*Id.* at 12-13.)

In the motion to dismiss, Defendant Duncan argues the following: Plaintiff does not allege that Duncan stood guard over his cell for the entire four days; Duncan's refusal to provide drinking water for a short period of time does not state a constitutional violation; Duncan cannot be held responsible for the actions of others prior to or after his involvement; and that, to the extent Plaintiff's four-day confinement without water was an unconstitutional deprivation, Duncan was not indifferent to correcting it, given the warden's orders. [45, Def.'s Memorandum in Support at 4-5.]

To establish a constitutional violation with respect to a prison condition, an inmate must demonstrate that: (1) his condition was objectively serious; and that (2) the defendant acted with deliberate indifferent to the condition. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). An inmate is entitled to, at the very least, "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006). An inmate must be provided adequate shelter, food, bedding, clothing, heat, hygiene, and sanitation. *Gillis*, 468 F.3d at 493; *Board,* 394 F.3d at 477-81.

Duncan correctly notes that Plaintiff's complaint is unclear as to whether Duncan stood guard throughout Plaintiff's four-day confinement; however, the complaint states that Duncan was the correctional officer assigned to the infirmary. (Compl. at 11.) It is reasonable to infer that he guarded Plaintiff for more than just the first day of the four-day period. Whether Duncan guarded Plaintiff, and thus denied him water, for only a short period of time cannot be determined from the complaint.

If Duncan denied or participated in the denial of drinking water for Plaintiff over the course of four days, such conduct states a claim. The Seventh Circuit has indicated that "depriving [an inmate] of all liquids for four days" may constitute deliberate indifference. See *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011). In *Atkins*, the inmate alleged that, after he swallowed an earring, he was placed in a cell without food or drinking water for four days until he passed the earring. *Id.* at 829-30. The Seventh Circuit noted that such an allegation may state a claim, but that the complaint indicated that the inmate had received other liquids during that time. *Id.* at 830-31; see also *Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 19, 2003) ("[w]hile a dysfunctional sink alone is not necessarily cruel and unusual punishment, an inmate has a basic right to adequate drinking water"). Although the denial of drinking water for several days does not rise to the level of a constitutional violation when the inmate receives other beverages, see *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998), whether that occurred here is not apparent from the complaint.

Finally, Duncan's contention that the alleged denial of drinking water cannot constitute deliberate indifference because he was simply following the orders of a warden does not save him from potential liability. An officer who simply stands by and observes another officer's unconstitutional behavior without intervening can be found to have acted with deliberate indifference to not protecting the inmate from the constitutional violation. See *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[a] guard who stands and watches while

| STATEMENT |
|---|

another guard beats a prisoner violates the Constitution"). If the denial of water for four days as alleged by Plaintiff amounts to a constitutional violation, Duncan may be held liable for his participation in that violation. *Id.*

     For the reasons stated above, the Court denies Defendant Duncan's motion to dismiss and directs him to answer the complaint within 30 days of the date of this order. The Court grants Plaintiff's motion to respond to the motion to dismiss and construes Plaintiff's motion as his response.