# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1663 | **DATE** | July 3, 2012 |
| **CASE TITLE** | Robert Buchanan, Jr. (B-07923) vs. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for an extension of time to respond to the summary judgment motion [88] is granted. His response is due August 24, 2012. Defendants' reply is due September 14, 2012. Ruling will be by mail. Plaintiff's motion for the appointment of counsel [87] is denied without prejudice. Plaintiff's motion to compel discovery responses [89] is granted in part and denied in part. Unless there is a valid objection, Defendants shall produce by July 24, 2012, the incident reports of the incidents that occurred in September 2009 between each of them and Plaintiff that are the subject of this suit, as well as health care unit reports of treatment for Plaintiff on and around September 21-25, 2009. Plaintiff's other requests in his motion to compel are denied.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff Robert Buchanan, Jr., Stateville Correctional Center inmate B-07923, initiated this *pro se* 42 U.S.C. § 1983 civil rights suit against twelve Stateville officers about an incident that occurred when officers believed he swallowed balloons of drug following a visit. The Court allowed Plaintiff to proceed against three Stateville Correctional Officers (Christoph Harrington, D. Schwarz, and Jacob Duncan). Currently before the Court is Defendants' motion for summary judgment and Plaintiff's motions for an extension of time to respond, for the appointment of counsel, and to compel discovery responses.

     Plaintiff's motion for an extension of time is granted in accordance with the dates set out above. His motion for the appointment of counsel is denied. The issues of this case are not complex, and Plaintiff appears competent to represent himself. Counsel is thus not warranted at this time. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). When responding to the summary judgment motion, Plaintiff should respond to both Defendants' N.D. Ill. Local Rule 56.1 Statement (as explained in the Local Rule 56.2 Notice to Plaintiff) and Defendants' arguments in their Memorandum in Support of their summary judgment motion. Plaintiff should address whether he exhausted administrative remedies in accordance with 42 U.S.C. § 1997e(a), see *Thornton v. Snyder*, 428 F.3d 690, 693-95 (7th Cir. 2005); whether a finding that Officers Schwarz or Harrington used excessive force would necessarily imply that the disciplinary decision concerning the incident is invalid, see *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); and whether Duncan's denial of water for Plaintiff for several days amounted to a constitutional violation. See *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); see also *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011).

     With respect to Plaintiff's motion to compel discovery, the Court would normally request that the Defendants respond so that the record clearly sets out whether Plaintiff properly requested the documents before filing his motion, see Fed. R. Civ. P. 37(a)(1), and whether there are any valid objections to the production of the documents. However, given that most of Plaintiff's requests appear to be for items clearly relevant to this case, for which there should be no objections, and in the interest in keeping this case on its current track, the Court grants Plaintiff's motion as follows. Unless there are objections to producing the following, and even if these items have already been provided, the Defendants shall produce the following to Plaintiff: copies of incident reports involving

**STATEMENT**

Plaintiff and any of the three Defendants relating to the September 21-25, 2009 incident where Plaintiff was searched and placed in a dry cell for several days; an incident report written by Officer Buckowski from this same time period; and medical records from Plaintiff's visit to the health care unit during or just after this time period. Plaintiff's requests for Outlook messages from other officers around this time is denied. While incident reports and health care records appear clearly relevant, Plaintiff does not state the relevancy of the e-mail messages.

      Accordingly, Plaintiff's motion to compel is granted in part and Defendants shall produce the incident reports and health care records described above. Plaintiff's other requests in his motion to compel are denied. Defendants are given until July 24, 2012, to comply with this order. After that date, discovery will be considered closed and shall not be reopened absent a showing of good cause.